IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY McMICKLE                                                                                               PLAINTIFF

vs.                                                      No. 4:05CV186-D-D

JANTRAN, INC.                                                                      DEFENDANT

OPINION GRANTING MOTION FOR PRELIMINARY INJUNCTION

Presently before the court is the Plaintiff's motion for preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff was a seaman aboard a vessel (the M/V Rock Bluff) owned and operated by the Defendant Jantran, Inc. While so employed on October 23, 2004, the Plaintiff alleges that he injured his back and knee while performing his duties as First Mate of the vessel. The Plaintiff now seeks, *inter alia*, to have the court order the Defendant provide him "maintenance" payments of $41.92 per day and to pay all reasonable unreimbursed and future "cure" costs associated with the Plaintiff's injury.[1] On July 27, 2005, the Plaintiff filed this action against the Defendant and filed the present

---

[1] "Maintenance" is calculated as a per day amount equal to the seaman's actual reasonable expenses in obtaining room and board while ashore, equivalent to the quality received aboard the vessel. McWilliams v. Texaco, Inc., 781 F.2d 514 (5th Cir. 1986). Here, the parties stipulate that the Defendant paid the Plaintiff maintenance of $25 per day from October 23, 2004, through April 20, 2005, before ceasing payment. During the hearing on the Plaintiff's pending motion, he testified without objection that his monthly expenses are $1297.67, or $41.92 per day; he seeks this amount of maintenance.

"Cure" is the right of a seaman to necessary medical services and to have the employer pay for all reasonable medical costs incurred by the seaman as a result of an injury sustained while working aboard the employer's vessel. Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1499 (5th Cir. 1995). While it appears that the Defendant in the case *sub judice* has paid most of the Plaintiff's past medical expenses associated with his injuries sustained aboard the subject vessel, with the exception of some of his pharmacy charges, it has not authorized or

motion. The court held a hearing on this motion on September 6, 2005.

In response to the Plaintiff's motion, the Defendant admits that the Plaintiff injured his knee while aboard the M/V Rock Bluff on October 23, 2004, but disputes that he suffered any back injury on that date. The Defendant also states that it has fulfilled its maintenance and cure obligations to the Plaintiff because the Plaintiff was told by a neurosurgeon, Dr. Simpson, that he is not suffering from any back injury. The Defendant argues in essence that the Plaintiff's back injury, if any, did not occur while he was onboard the Rock Bluff, and that the Plaintiff's claim should be reserved for trial and the motion for preliminary injunction denied. In response, the Plaintiff notes that both a Greenville neurosurgeon named Dr. Lenard J. Rutkowski, a general physician at the Family Medical Center in Greenville named Dr. William R. Callender, and a Greenville orthopedic surgeon named Dr. William S. Ogden have diagnosed the Plaintiff with three herniated disks in his lower back (with Dr. Ogden stating that he "has a very obvious disc at L5/S1" and Dr. Rutkowski opining that the herniated disks "did not become symptomatic until after his incident" and that the Plaintiff "needs a microdiscectomy on the right side at L4-5 and L5-S1") that require surgery, and that the Defendant was aware of this injury and even initially approved treatment for it before stopping payments to both the Plaintiff and his medical providers.

### B. Preliminary Injunction Standard

In order for the court to grant a preliminary injunction, the Plaintiff must establish the following elements:

(1)   a substantial likelihood of success on the merits;

---

agreed to pay for the back surgery recommended by the Plaintiff's current neurosurgeon, Dr. Lenard Rutkowski of Greenville, Mississippi.

(2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied;

(3) that the threatened injury to the plaintiff outweighs any damage that an injunction might cause the defendant; and

(4) that granting the injunction will not disserve the public interest.

Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).

*C. Discussion*

1. Canal Authority Factors

a. Substantial Likelihood of Success on the Merits

The Plaintiff asserts that there is a substantial likelihood that he will prevail on the merits of his claims because it is well-settled that employers of seamen owe a duty to pay seamen who are injured during a voyage their full wages through the end of the voyage, and to then pay "maintenance and cure" to the injured seaman through the date that the injured seaman reaches maximum medical improvement. Karim v. Finch Shipping Co., Ltd., 265 F.3d 258, 274 (5th Cir. 2001); Smith v. Atlas Off-Shore Boat Service, Inc., 653 F.2d 1057 (5th Cir. 1981). Any doubts concerning a seaman's entitlement to maintenance and cure must be resolved in favor of the seaman, and maintenance and cure is due irrespective of any negligence or fault on the part of the employer. Morel v. Sabine Towing & Transp. Co., Inc., 669 F.2d 345, 346-47 (5th Cir. 1982); Vaughn v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L. Ed. 2d 88 (1962). In addition, the Fifth Circuit has made clear that the duty to pay maintenance and cure commences on the date the seaman sustained injury aboard the vessel. Morales v. Garijak, Inc., 829 F.2d 1355 (5th Cir. 1987).

The court finds that the Plaintiff has satisfied this factor of the Canal Authority test, as the right of seamen to receive maintenance and cure is long-standing and well-established, and any

doubts concerning the Plaintiff's entitlement to maintenance and cure must be resolved in his favor. Here, there is some dispute as to whether the Plaintiff suffered a back injury aboard the Defendant's vessel as one physician, the aforementioned Dr. Simpson, has stated that the Plaintiff does not have herniated disks in his back, while three other physicians, Drs. Rutkowski, Callender, and Ogden, have opined that he does have three herniated disks and that the injury occurred on the Defendant's vessel, with Dr. Rutkowski recommending surgery to correct the disks. The proof before the court reveals that the Plaintiff had not experienced any problems with his back prior to October 23, 2004; the court further finds that the Plaintiff could not have performed the duties of First Mate on the vessel if his back was injured. There was a complete absence of any medical evidence of a preexisting back problem. Resolving these doubts in favor of the Plaintiff, as the court must, leads the court to conclude that the Plaintiff's entitlement to maintenance and cure continues as he has not yet reached maximum medical recovery. For these reasons, it appears at this juncture to be substantially likely that the Plaintiff will prevail on the merits of his maintenance and cure claim.

b. Substantial Threat of Irreparable Injury to the Plaintiff

The central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages. City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983). The Plaintiff avers that he can satisfy this Canal Authority factor because he is in constant pain from his injuries and cannot afford the cost of proper medical care. The Plaintiff further avers that he has no other source of income and has been reduced to borrowing money from friends in order to pay his basic living expenses, both circumstances that maintenance and cure is designed to prevent.

While the Plaintiff in this case could be conceivably be compensated by future monetary

damages, because of the nature of the Plaintiff's situation and the long-standing right of seamen to maintenance and cure, the court finds that his situation is unusual and that he has established this Canal Authority factor. The Plaintiff plainly cannot afford the cost of his medical care, and to require him to wait months until this matter goes to trial in order to recover money damages and be able to undergo medical treatment would subject him to unnecessary pain and discomfort and potential long-term medical problems, both of which are circumstances that the court finds qualify as substantial threats of irreparable injury. Accordingly, the court rules that the Plaintiff has established this factor.

c. Harm to the Plaintiff versus Harm to the Defendant

The threat of injury to the Plaintiff clearly outweighs the threat of injury that injunctive relief may cause the Defendant. The Plaintiff's threat of injury, as outlined above, includes potentially debilitating injuries and ongoing pain and discomfort. By contrast, granting injunctive relief against the Defendant will solely require it to abide by the long standing principle that injured seamen receive maintenance and cure until the date that they reach maximum medical recovery. Indeed, the Defendant has not alleged that it would suffer any harm should the court grant the Plaintiff's motion. Thus, the court finds that the Plaintiff has established this Canal Authority factor.

d. Public Interest

The court finds that the Plaintiff has met his burden of establishing that granting the preliminary injunction will not be inconsistent with the public interest. Granting the Plaintiff's motion will not disserve the public interest; in fact, it may very well positively serve it as it will ensure compliance with the long-standing doctrine of maintenance and cure. The court finds, therefore, that the Plaintiff has established this Canal Authority factor.

### e. Conclusion

In sum, the court finds that the Plaintiff has met the requirements for the issuance of a preliminary injunction in accordance with the factors set forth in Canal Authority. As such, the court finds that the Plaintiff's motion for preliminary injunction should be granted. At this juncture, however, the court declines to award attorney's fees to the Plaintiff, as the position of the Defendant was not totally unsupported in light of the findings by Dr. Simpson in relation to the Plaintiff's injuries.

A separate order in accordance with this opinion shall issue this day.

This the 7th day of September 2005.

/s/ Glen H. Davidson
Chief Judge